1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 **DISTRICT OF NEVADA**
8
9 GEORGE L. MARSHALL,
10          Plaintiff,                              Case No. 2:13-cv-02087-JCM-VCF
11 vs.                                             **ORDER**
12 JAMES G. COX, et al.,
13          Defendants.
14
15       Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has
16 submitted an application to proceed in forma pauperis (#1), a motion for leave of court to file a
17 longer than usual complaint (#2) and a second amended civil rights complaint pursuant to 42 U.S.C.
18 § 1983 (#6).[1]  The court will defer ruling upon the application.  The court denies the motion to file a
19 longer than usual complaint (#2).  The second amended complaint (#6) is 53 pages long, with
20 almost 200 pages of attached exhibits.  It appears to contain allegations about everything that
21 plaintiff does not like at prison from the time that he arrived to the date he sent it to the court.
22 Plaintiff has not provided "a short and plain statement of the claim showing that the [he] is entitled
23 to relief," nor are his allegations "simple, concise, and direct."  Fed. R. Civ. P. 8(a), 8(d)(1)).  The
24 court need not hunt through the complaint to find those few allegations that might state a claim.
25 McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996).  Instead, plaintiff needs to submit a
26 complaint that satisfies Rule 8.
27 ───────────────
28       [1]Plaintiff submitted a complaint with his application (#1), and then he submitted a first
amended complaint (#4).  These complaints no longer are operative.

Plaintiff has submitted an <u>ex parte</u> motion for appointment of counsel (#3).

There is no constitutional right to appointed counsel in a § 1983 action. However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)]. To decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.

<u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted), <u>withdrawn on other grounds</u>, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The court finds that exceptional circumstances do not exist in this case, and the court denies the motion.

IT IS THEREFORE ORDERED that a decision on the application to proceed <u>in forma pauperis</u> (#1) is **DEFERRED**.

IT IS FURTHER ORDERED that plaintiff's motion for leave of court to file a longer than usual complaint (#2) is **DENIED**.

IT IS FURTHER ORDERED that plaintiff's <u>ex parte</u> motion for appointment of counsel (#3) is **DENIED**.

IT IS FURTHER ORDERED that the second amended complaint (#6) is **DISMISSED** for non-compliance with Rule 8 of the Federal Rules of Civil Procedure, with leave to amend. The clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the phrase "THIRD AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-02087-JCM-VCF, above the phrase "THIRD AMENDED."

DATED:   June 25, 2014.

JAMES C. MAHAN
United States District Judge

-2-